UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>NICOLAS JOSEPH JAMES JOHNSON,<br><br>              Defendant. | CASE NO. CR21-5360 BHS<br><br>ORDER |

This matter comes before the Court on Defendant Nicolas Johnson's Motion for Review of Detention Order, Dkt. 28. The Court has considered the briefing filed in support of and in opposition to the motion and remainder of the file and denies the motion for the reasons stated below.

## I.   BACKGROUND

The Government alleges that on September 18, 2021 Johnson stole a vehicle outside of the Mini-Mart convenience store on the Makah Reservation. Dkt. 30 at 2. Johnson allegedly brandished a machete, got into the driver's side of the vehicle, and demanded that the three minor boys inside of the vehicle exit the car. *Id.* The Government alleges that he left the scene in the vehicle and at some point picked up his

fiancée, Jodie Newton. *Id.* A Clallam County Sheriff's Office deputy began pursuing the vehicle. *Id.* While in pursuit, Newton spoke to a 911 operator, and Johnson allegedly told the operator that he would kill Newton if the police did not "get off his ass." *Id.* at 2–3. At that point, the police ended their pursuit. *Id.* The Washington State Patrol located the stolen vehicle the following day, and Johnson was arrested a few days later. *Id.* In October 2021, Johnson was charged via indictment with Robbery in violation of 18 U.S.C. §§ 1153(a), 2111(1). Dkt. 10.

At his initial appearance, Johnson stipulated to detention. Dkt. 6. On November 1, 2021, Johnson had an arraignment and detention hearing before the Honorable David W. Christel, United States Magistrate Judge. Dkt. 15. After hearing from the parties, Judge Christel ordered Johnson detained, concluding that while there may be conditions that could reasonably ensure Johnson's appearance in court, there were not sufficient conditions to reasonably ensure Johnson would not pose a danger to the community. Dkts. 15, 16, 30-1 at 15.

Johnson then moved for review of his detention order, arguing that his recent admission into an inpatient drug treatment program constituted a change in circumstances that justified his release pending trial. Dkt. 20. Judge Christel held a hearing on that motion on December 22, 2021 and again ordered Johnson detained. Dkt. 25.

Johnson now moves this Court to review his detention order de novo, arguing that given his detailed release plan and admission to an inpatient drug treatment program, the Government could not satisfy its burden to show that he is a danger to the community or a flight risk. Dkt. 28. The Government argues that despite Johnson's release plan and

1  admission to drug treatment, he remains a flight risk and a danger to the community

2  considering the underlying offense and his history with drugs. Dkt. 30.

3  ## II.  DISCUSSION

4  When considering a motion challenging a magistrate judge's detention order, the

5  Court "should review the evidence before the magistrate and make its own independent

6  determination whether the magistrate's findings are correct, with no deference." *United*

7  *States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court must enter its own

8  findings of fact, "whether different from or an adoption of the findings of the magistrate,"

9  and render a decision "without deference to the magistrate's ultimate conclusion." *Id.*

10  The Court has reviewed the record in this case, including both the first and second

11  detention hearings. Based on this Court's own review of the evidence, and without

12  affording Judge Christel any deference, the Court agrees with, and adopts as its own,

13  Judge Christel's findings and conclusion. At Johnson's first detention hearing, Judge

14  Christel emphasized that while he had some concerns regarding Johnson showing up to

15  future court appearances, his primary concern was danger to the community. *See* Dkt. 30-

16  1. Johnson allegedly brandished a machete while stealing a car containing three young

17  boys. Dkt. 30 at 2. He then allegedly threatened to kill his fiancée while driving under the

18  influence of methamphetamine. *Id.* These allegations are serious and suggest that

19  Johnson would pose a serious risk to the community if released.

20  As both the Government and Pretrial Services point out, Johnson's admission to a

21  drug treatment program "does not mitigate his risk of danger." Dkt. 27 at 8; *see also* Dkt.

22  30 at 1. In its second supplemental report, Pretrial Services acknowledged Johnson's

1    proposal for inpatient treatment. Dkt. 27 at 8. Despite that additional information, the

2    probation officer continued to recommend detention. *Id.* Johnson has previously

3    completed inpatient treatment programs at least four times, the most recent time being

4    with the same place he has now been admitted—American Behavioral Health Systems.

5    *Id.* Despite those previous successes, Johnson apparently relapsed in September and

6    engaged in extremely dangerous behavior. As the Government pointed out in its

7    response, in an interview with a Clallam County Sheriff's Office deputy, "Johnson

8    claimed to have blacked out during the initial robbery, but he had woken up while driving

9    the stolen vehicle and while being pursued by law enforcement . . . . [H]e believed he was

10   doing something with the cops like providing a presidential escort." Dkt. 30 at 3.

11   Johnson's mental health issues combined with his abuse of substances pose a danger to

12   the community. The Court lacks confidence that further inpatient treatment could

13   reasonably assure that he would not relapse and engage in behavior dangerous to the

14   public.

15        Johnson argues that the Government's position is essentially that he "should be

16   endlessly incarcerated because he might someday use drugs again." Dkt. 28 at 8. But

17   whether a defendant should be detained pretrial depends on three questions: whether the

18   defendant presents a flight risk; whether the defendant presents a risk to the community;

19   and whether any combination of conditions could reasonably manage those risks. *United

20   States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). The Government's references

21   to Johnson's drug use, risk of relapse, mental health issues, and behavior while under the

22   influence of drugs are completely appropriate and relevant to the issue at hand. While it is

1  true that Johnson will likely be released back into the community at some point and that

2  those risks will remain, that is not the issue currently before the Court.

3        The Court concludes that there are insufficient conditions of release to reasonably

4  ensure Johnson will not pose a danger to the community if released pending trial.

5  **III.  ORDER**

6        Therefore, it is hereby **ORDERED** that Defendant Nicolas Johnson's Motion for

7  Review of Detention Order, Dkt. 28, is **DENIED**.

8        Dated this 24th day of January, 2022.

9

10

11  BENJAMIN H. SETTLE
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22