1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICOLAS JOSEPH JAMES JOHNSON,<br><br>Defendant. | CASE NO. CR21-5360 BHS<br><br>AMENDED ORDER |

13  This matter comes before the Court on Defendant Nicolas Johnson's Motion for
14  Review of Detention Order, Dkt. 28. The Court has considered the briefing filed in
15  support of and in opposition to the motion and remainder of the file and denies the
16  motion for the reasons stated below.

17              **I.   BACKGROUND**

18  The Government alleges that on September 18, 2021 Johnson stole a vehicle
19  outside of the Mini-Mart convenience store on the Makah Reservation. Dkt. 30 at 2.
20  Johnson allegedly brandished a machete, got into the driver's side of the vehicle, and
21  demanded that the three minor boys inside of the vehicle exit the car. *Id.* The
22  Government alleges that he left the scene in the vehicle and at some point picked up his

ORDER - 1

fiancée, Jodie Newton. *Id.* A Clallam County Sheriff's Office deputy began pursuing the vehicle. *Id.* While in pursuit, Newton spoke to a 911 operator, and Johnson allegedly told the operator that he would kill Newton if the police did not "get off his ass." *Id.* at 2–3. At that point, the police ended their pursuit. *Id.* The Washington State Patrol located the stolen vehicle the following day, and Johnson was arrested a few days later. *Id.* In October 2021, Johnson was charged via indictment with Robbery in violation of 18 U.S.C. §§ 1153(a), 2111(1). Dkt. 10.

      At his initial appearance, Johnson stipulated to detention. Dkt. 6. On November 1, 2021, Johnson had an arraignment and detention hearing before the Honorable David W. Christel, United States Magistrate Judge. Dkt. 15. After hearing from the parties, Judge Christel ordered Johnson detained, concluding that while there may be conditions that could reasonably ensure Johnson's appearance in court, there were not sufficient conditions to reasonably ensure Johnson would not pose a danger to the community. Dkts. 15, 16, 30-1 at 15.

      Johnson then moved for review of his detention order, arguing that his recent admission into an inpatient drug treatment program constituted a change in circumstances that justified his release pending trial. Dkt. 20. Judge Christel held a hearing on that motion on December 22, 2021 and again ordered Johnson detained. Dkt. 25.

      Johnson now moves this Court to review his detention order de novo, arguing that given his detailed release plan and admission to an inpatient drug treatment program, the Government could not satisfy its burden to show that he is a danger to the community or a flight risk. Dkt. 28. The Government argues that despite Johnson's release plan and

admission to drug treatment, he remains a flight risk and a danger to the community considering the underlying offense and his history with drugs. Dkt. 30.

## II.  DISCUSSION

When considering a motion challenging a magistrate judge's detention order, the Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court must enter its own findings of fact, "whether different from or an adoption of the findings of the magistrate," and render a decision "without deference to the magistrate's ultimate conclusion." *Id.*

"[T]he government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (internal citation omitted). The Government must also show that no condition or combination of conditions could reasonably assure the safety of the community and reasonably assure the defendant's appearance. *See Lopez-Valenzuela v. Cnty. of Maricopa*, 719 F.3d 1054, 1065 (9th Cir. 2013), *rev'd on other grounds by Lopez-Valenzuela v. Arpaio*, 770 F.3d 772 (9th Cir. 2014) (en banc); *see also United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

The Court has reviewed the record in this case, including both the first and second detention hearings. Based on this Court's own review of the evidence, and without affording Judge Christel any deference, the Court agrees with, and adopts as its own, Judge Christel's findings and conclusion. At Johnson's first detention hearing, Judge

Christel emphasized that while he had some concerns regarding Johnson showing up to future court appearances, his primary concern was danger to the community. *See* Dkt. 30-1. Johnson allegedly brandished a machete while stealing a car containing three young boys. Dkt. 30 at 2. He then allegedly threatened to kill his fiancée while driving under the influence of methamphetamine. *Id.* These allegations are serious and suggest that Johnson would pose a serious risk to the community if released.

As both the Government and Pretrial Services point out, Johnson's admission to a drug treatment program "does not mitigate his risk of danger." Dkt. 27 at 8; *see also* Dkt. 30 at 1. In its second supplemental report, Pretrial Services acknowledged Johnson's proposal for inpatient treatment. Dkt. 27 at 8. Despite that additional information, the probation officer continued to recommend detention. *Id.* Johnson has previously completed inpatient treatment programs at least four times, the most recent time being with the same place he has now been admitted—American Behavioral Health Systems. *Id.* Despite those previous successes, Johnson apparently relapsed in September and engaged in extremely dangerous behavior. As the Government pointed out in its response, in an interview with a Clallam County Sheriff's Office deputy, "Johnson claimed to have blacked out during the initial robbery, but he had woken up while driving the stolen vehicle and while being pursued by law enforcement . . . . [H]e believed he was doing something with the cops like providing a presidential escort." Dkt. 30 at 3.

The Court finds by clear and convincing evidence that Johnson's mental health issues combined with his abuse of substances pose a danger to the community that cannot be reasonably managed by any condition or combination of conditions of pretrial release.

1   The Court lacks confidence that further inpatient treatment could reasonably assure that
2   he would not relapse and engage in behavior dangerous to the public.

3       Johnson argues that the Government's position is essentially that he "should be
4   endlessly incarcerated because he might someday use drugs again." Dkt. 28 at 8. But
5   whether a defendant should be detained pretrial depends on three questions: whether the
6   defendant presents a flight risk; whether the defendant presents a risk to the community;
7   and whether any combination of conditions could reasonably manage those risks. *Lopez-*
8   *Valenzuela*, 719 F.3d at 1065; *Motamedi*, 767 F.2d at 1407. The Government's references
9   to Johnson's drug use, risk of relapse, mental health issues, and behavior while under the
10  influence of drugs are completely appropriate and relevant to the issue at hand. While it is
11  true that Johnson will likely be released back into the community at some point and that
12  those risks will remain, that is not the issue currently before the Court.

13      The Court concludes by clear and convincing evidence that there are insufficient
14  conditions of release to reasonably ensure Johnson will not pose a danger to the
15  community if released pending trial.

### III.  ORDER

17  Therefore, it is hereby **ORDERED** that Defendant Nicolas Johnson's Motion for
18  Review of Detention Order, Dkt. 28, is **DENIED**.

19  Dated this 25th day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge